# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF MINNESOTA.

PATRICK KELLY *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY
COMPANY.

## December 24, 1881.

**Railway — Negligence — Street Crossing.**—Plaintiff, while crossing the railway of defendant upon a public street, driving a span of horses with a wagon, was struck by a train of cars propelled by an engine. Evidence that the train was propelled at an unlawful rate of speed; that no bell was rung, or signal given, as required by law; that it was an unusually dangerous crossing, and that no flagman was stationed there to warn travellers; and that a view of the passing train was obstructed from one approaching on the street by a train of cars left standing upon a side track, extending across the street, with an opening in the train for passage upon the street, *held*, sufficient evidence to charge defendant with negligence.

**Same—Plaintiff held free from Negligence.**—It appearing that plaintiff, before going through the opening in the train and upon the track where the accident occurred, brought his horses to a walk, but did not stop them, nor leave his wagon and go forward where he could see an approaching train; that he looked and listened for a train, but could not see or hear any signal of its approach, *held*, that the evidence does not show, as a matter of law, contributory negligence on the part of the plaintiff.

v.29—1

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin*, J., presiding, refusing a new trial.

*R. B. Galusha*, and *Bigelow, Flandrau & Squires*, for appellant.

*C. K. Davis*, for respondent.

DICKINSON, J.[*]   This action was brought to recover damages, upon the ground of negligence, for injuries to the person of the plaintiff, and to his horses and wagon, caused by a collision with a train of cars of the defendant, at the crossing of its line of road over Third street, in the city of St. Paul.   The plaintiff having recovered a verdict, the questions are presented, upon this appeal from an order refusing a new trial, whether the defendant was shown by the evidence to have been chargeable with negligence in the premises, and whether it does not appear that the plaintiff was guilty of contributory negligence.

The street where the accident occurred is much travelled.   The plaintiff was familiar with the premises, and with the manner in which defendant was accustomed to run its cars and trains, and to guard the crossing as hereafter stated.   Several tracks of the defendant cross the street at this point upon the grade of the street. Much switching is necessarily done in this place in making up trains and in distributing cars.   Such work is done at all hours, and at times when regular trains are not running.   The defendant was accustomed to have a flagman stationed at this crossing, to warn travellers of danger, between the hours of 7 in the morning and 6 at night. The accident occurred a little before 7 o'clock in the morning, when there was no flagman on duty at the crossing.   A train of box cars was standing upon the easterly track, and extending both to the north and south of Third street, the train being separated at the crossing so as to leave a passage between the cars at the crossing of about 30 feet, as the evidence of several witnesses went to prove.

The injury was caused by a train, consisting of four cars in front of an engine, with other cars in the rear, running on the track next west of that on which the box cars were standing.   According to the testimony of several witnesses it was moving at the rate of from 12 to 15 miles an hour, although an ordinance of the city forbade the

[*]Clark, J., having been of counsel, did not sit in this case.

running of cars at a greater rate of speed than five miles an hour. It is necessary in switching to move the cars in front of the engine, as was done in this case. The plaintiff was upon Third street, going west, driving a span of spirited horses. The evidence tended to prove that, just before coming to the railroad crossing, he brought his team down to a walk, and had them under full control, but did not entirely stop; that he looked both ways and listened for any approaching train, but heard none, and that no bell was rung or other signal given; that he could not see the coming train because the train of box cars standing on the track shut it out from view. Plaintiff drove on the crossing between the cars standing on the first track, and, as he passed through the opening in that train, he saw the moving cars upon the second track approaching the street crossing. He whipped his horses and attempted to pass over before the train, but the hind end of his wagon was struck, causing the injury complained of.

The verdict necessarily involves a finding by the jury that the defendant was chargeable with negligence causing the injury complained of, and is sufficiently supported by the evidence. A finding by the jury that the train was run at an unlawful rate of speed, and that no bell was rung or other signal given of the approaching train, would be justified by the evidence; and the uncontradicted evidence showed that there was a great deal of travel upon the street at the place of the accident; that very many trains passed over the street crossing, and at all hours; that no flagman was stationed there to warn travellers of danger prior to 7 o'clock in the morning; and that the train of freight cars was so left as at least partially to obstruct the view of approaching trains from one coming to the crossing from the east. These facts abundantly support the conclusion of negligence on the part of the defendant.

The defendant, however, more strenuously urges that the case presents a case of contributory negligence. The verdict in favor of the plaintiff expresses the finding by the jury that the plaintiff was not guilty of negligence contributing to produce the injury; and we have only to consider whether the evidence sustains that conclusion, or whether, as defendant claims, the case shows conclusively such negligence. It is negligence for one, in the presence of any known danger,

to omit to exercise such carefulness as prudent persons would ordinarily exercise under like circumstances; and since, to one approaching a crossing like that in question, the danger is obvious and great, the law holds it negligence for him to do so without the vigilant exercise of his senses of sight and hearing. *Brown* v. *Mil. & St. Paul Ry. Co.*, 22 Minn. 165. But ordinarily the question of negligence is one of intermingled law and fact, and is for the determination of the jury. The law does not—as it cannot—prescribe a general measure of carefulness, except that which varies with the circumstances of each particular case, viz., what would prudent persons ordinarily do under like circumstances?

It was shown by evidence, the truthfulness of which it was for the jury to determine, that the plaintiff brought his team to a walk, and looked both ways and listened, but could neither see nor hear the train nor any signal of its coming. That he could not see the train or hear it may seem remarkable, but it is perhaps sufficiently explained by the fact of the intervening freight cars. What, if any, other noises from any source may have prevented hearing the train the case does not disclose; but the testimony of plaintiff, and of another with him in the wagon, is that they looked and listened for the cars and did not hear them. We cannot say the fact was otherwise. The proof that no bell was rung is from witnesses who testify to having listened to hear a bell, and that they did not hear any. It is more than mere negative testimony. The law required the ringing of a bell 80 rods distant from the crossing, and the conduct of the plaintiff might be properly regulated, to some extent, with regard to this duty imposed upon the defendant by law, and which he had a right to expect would be performed. He was not required to use every precaution which might have contributed to his safety, but only such as common prudence dictated. We cannot say, as a matter of law, that it was negligence not to have entirely stopped his team; (*Kellogg* v. *N. Y. Cent. & Hud. Riv. R. Co.*, 79 N. Y. 72; *Eilert* v. *Green Bay & Minn. R. Co.*, 48 Wis. 606;) or that common prudence required him to get down from his wagon, and go forward on foot to look along the line of the track. *Duffy* v. *Chicago & N. W. Ry. Co.*, 32 Wis. 269; *Davis* v. *N. Y. Cent. & Hud. Riv. R. Co.*, 47 N. Y. 400.

Such precaution is believed to be extraordinary, and to exceed the strict measure of common prudence; nor is it clear that the course of greater prudence, after plaintiff had passed in between the freight cars standing on both sides of his way, and saw the coming train, was not to endeavor to force a passage, rather than incur the perhaps greater hazard of attempting to turn back with a spirited span of horses.

Upon a consideration of the whole case, we see no reason to set aside the verdict of the jury, and the order refusing a new trial is affirmed.