HENRY DIRCKS, Appellant, v. ERNEST TONNE et al., Appellees.

HIGHWAYS: Law of Road—Inability to Turn to Right. One who
1  knows that the driver of an approaching conveyance is unable to give one half the traveled way because of the condition thereof, and who might easily stop his own conveyance, but does not do so, is guilty of negligence.

NEGLIGENCE: Instructions—Non-Applicability to Pleading. When
2  plaintiff and defendant both claim damages of the other by reason of the same transaction, and on the allegation by each that the other was negligent in said transaction, instructions which authorize the jury to allow both claims are wholly at war with any allowable theory of the law of negligence.

NEGLIGENCE: Imputed Negligence—Use of Automobile. One who
3  purchases an automobile for the use, convenience, and enjoyment of his family, and permits members of his family to use it for said purposes, thereby constitutes such members his agents, and the negligence of such members, while so operating said machine for such purposes, will be imputed to the principal.

*Appeal from Jones District Court.*—JOHN T. MOFFIT, Judge.

APRIL 4, 1918.

ACTION for damages resulting from a collision of two automobiles. Verdict for plaintiff for $1.00. Both parties appeal. *Reversed* on plaintiff's appeal; *affirmed* on defendant's appeal.

*C. J. Lynch* and *J. C. France,* for appellant.

*Chas. W. Kepler & Son* and *E. A. Johnson,* for appellees.

STEVENS, J.—At the time of the accident complained of, plaintiff and other members of his family were riding in a Cadillac car, driven by his son upon a public highway, which had been made slippery by a recent rain. Shortly before plaintiff's car crossed a culvert, a car owned by defendant Ernest Tonne, which was occupied by his two minor sons, and which was being driven by S. Tonne, the older of the two, appeared on the top of a hill, about 24 rods distant. The cars collided at a point, apparently, near the foot of the hill. Both cars were considerably broken and damaged. Plaintiff brings this action for damages to his car, and for injuries alleged to have been received by his wife, whose claim therefor was duly assigned to him. Defendant interposed a counterclaim for damages to his automobile.

1. HIGHWAYS: law of road: inability to turn to right.

At the close of plaintiff's evidence, the defendant E. Tonne, appellee herein, moved for a verdict in his behalf, on the ground that he was in no wise responsible for the damages to plaintiff's car, or to his wife, and that the evidence wholly failed to show that the driver of the automobile was either the servant or agent of defendant, and that it appeared therefrom that said driver was driving the car for his own benefit and pleasure, and that, if neg-

ligent in the operation thereof, same should not be imputed to the defendant. At the close of the evidence, plaintiff moved for a verdict in his favor on defendant's counterclaim, and that same be withdrawn from the consideration of the jury. Both motions were overruled. The jury returned a verdict for plaintiff in the sum of $1, on which verdict judgment was duly entered. Plaintiff and defendant E. Tonne both appeal. As plaintiff's appeal was perfected first, he will be treated as the appellant.

I. We will dispose first of the questions presented by plaintiff upon his appeal. The negligence charged in defendant's counterclaim is that plaintiff permitted his minor son, who was inexperienced and incompetent, to drive the car, upon the occasion in question; that the son failed to turn to the right soon enough to permit defendant to pass, and at a point where he could easily have done so; that the son failed to give one half of the highway, and to stop his car after he knew, or, by the exercise of ordinary care, should have known, that he was unable to get the same out of the rut on the left side of the highway. The evidence showed that a rut had been formed on each side of the traveled portion of the highway, and that it was very difficult for the driver of plaintiff's car to get the hind wheels out of the same.

The evidence further disclosed, without conflict, that the driver of defendant's car was coasting down the hill without power, with the left wheels of the car in the rut on the right side of the track in which were the left wheels of plaintiff's car; that the driver of plaintiff's car attempted to turn the same out of the road to the right, but the hind wheels slid in the rut, and he was unable to get the car out of the rut. The defendant S. Tonne, who was driving the car, observed the situation of plaintiff's car and the effort of the driver thereof to get the same out of the way, but continued to coast down the hill, with the left wheel of his

car in the rut on the left side of plaintiff. It must have been apparent to the defendant S. Tonne that, unless he turned further to the right, a collision was unavoidable. Had the driver of plaintiff's car stopped with the left hind wheel in the rut on the left side of the road, unless the defendant turned further to the right, or stopped, it would not have avoided the collision. The defendant S. Tonne testified that he made no effort, after he discovered that the driver of plaintiff's car was unable to get out of the road, to avoid the collision. He saw the peril of plaintiff's car when he was six rods away, and when he had his car under full control, and there was nothing to prevent him from turning to the right, and thereby avoiding a collision. It is no excuse for him now to say that he mistakenly thought that plaintiff's car would get out of the way. The danger of a collision must have been apparent to him, and he should not have taken chances. Of course, it was the duty of the driver of plaintiff's car to turn to the right, and give one half of the highway; but, by reason of his inability to get the hind wheel of the car out of the rut, he was unable to do this.

We fail to discover any evidence in the record tending to show negligence on the part of the driver of plaintiff's car. No evidence was offered tending to show that he was inexperienced or incompetent. The jury may have found against the defendant on its counterclaim, in which event, discussion of this question would, of course, be unnecessary; but, for reasons hereafter appearing, it is impossible to tell whether the jury found against defendant on the counterclaim or for both plaintiff and defendant. The motion to direct a verdict for plaintiff upon the counterclaim and to withdraw the same from the consideration of the jury should have been sustained.

II. Following the customary instructions upon the question of negligence, the court gave the following:

"If you find from the evidence that the plaintiff is en-
titled to recover some amount upon this pe-

2. NEGLIGENCE:
   instructions:
   non-applicabil-
   ity to plead-
   ing.

tition against the defendant E. Tonne, and
that the defendant E. Tonne is entitled to re-
cover some amount against the plaintiff on
his counterclaim, then you will take the lesser from the
greater amount, and return your verdict for the difference
in favor of the party entitled thereto. If the amounts are
equal, your verdict should be for the defendant E. Tonne."

The error in this instruction is manifest. If plaintiff
was guilty of negligence contributing to the injury com-
plained of, he could not recover. Likewise, if the defend-
ant was guilty of negligence contributing thereto, he could
not recover. Plaintiff was entitled to recover, if at all,
only if it appeared from a preponderance of the evidence
that the negligence of the defendant was the proximate
cause of the damages sustained, and that plaintiff was with-
out fault on his part. The same rule applied to defend-
ant's counterclaim. The jury could not have found in fa-
vor of both plaintiff and defendant. There was no theory
upon which a verdict could be returned in favor of the
party suffering damages in a greater amount. There must
have been a verdict for plaintiff in some amount, or for the
defendant in some amount, or for the defendant without
naming any amount. No special interrogatories were sub-
mitted to the jury, and it is impossible to tell by what
method the verdict was arrived at. If plaintiff was en-
titled to recover, the verdict, under the undisputed evidence,
should have been for a more substantial sum. It cannot be
said that the instruction was without prejudice. For the
reasons stated, the judgment of the court below must be
reversed upon plaintiff's appeal.

III. We come now to the questions presented upon de-
fendant's appeal. We need only consider in detail his con-
tention that his son, who was, at the time of the acts com-

plained of, operating the car, was not act-

3. NEGLIGENCE: imputed negligence: use of automobile.

ing for or on behalf of defendant, either as his servant or agent, and that, therefore, if negligent, the same cannot be charged against appellee, and that his motion for a directed verdict in his favor should have been sustained.

There is some conflict in the holding of the courts in different jurisdictions upon the question of the father's liability for damages resulting from the negligent operation of an automobile by his minor son. We held the husband liable in *Crawford v. McElhinney,* 171 Iowa 606, in an action brought to recover damages claimed to have been caused by the negligence of the wife in driving his automobile, at a time when he was present, on a sight-seeing trip. The car was being operated with his permission, and for the pleasure of both. The court said:

"It is not contended by defendant that the wife may not be an employee or agent of her husband. It is doubtless true that the mere existence of the relation of husband and wife will not create the relation of master and servant, or agent on the part of the wife, so as to render the husband liable for negligence in operating his automobile; but here there are other circumstances. It is further shown that the wife acted as the chauffeur of the car bought by the husband for the use of both of them, and in the particular instance, it was being used for the mutual pleasure of both. In the instant case, if defendants were engaged in a common enterprise, or if Mrs. McElhinney was the employee and agent of her husband at the time, in the use of the car by his authority, for some purpose for which the car was bought and kept by him, they would both be liable for her negligence in such use."

The doctrine of this case was re-affirmed in *Sultzbach v. Smith,* 174 Iowa 704; and in *Lemke v. Ady,* 159 N. W. 1011 (not officially reported), we approved an instruction

containing the following language:

"If a man owns a car which he keeps, among other things, for use as a pleasure vehicle by his family, and permits his son to drive it, if his son takes the mother out for a drive in the car, the son would be the agent of the father, and the car, under such circumstances, would be used in the father's service, the furnishing of comforts and enjoyments within his means to his wife and family being part of a father's business or service."

The court in the opinion said:

"The testimony tended to show that the auto was kept for the pleasure and amusement of the family; that both the son and the father drove it; that the mother ofttimes directed its use; and that it was kept not only for family use, but for the entertainment of guests. On the day of the accident, the son drove the machine, and his mother, with two visiting guests, were being taken on a pleasure trip from West Liberty to Iowa City."

The holding of the foregoing cases finds support in the following: *Stowe v. Morris,* 147 Ky. 386 (144 S. W. 52); *McNeal v. McKain,* 33 Okla. 449 (126 Pac. 742); *Birch v. Abercrombie,* 74 Wash. 486 (133 Pac. 1020); *Smith v. Jordan,* 211 Mass. 269 (97 N. E. 761); *Kayser v. Van Nest,* 125 Minn. 277 (146 N. W. 1091).

In the case at bar, the evidence tended to show that defendant and his family had formerly resided near Clarence, and were members of an evangelical church at that place; that, on account of the distance, he purchased the automobile for general use, and particularly for the use of himself and family in attending church; that he had never operated the car, and the two sons, who were in the car at the time of the accident, were the only members of his family who had done so. The sons were members of a young people's society of the church, and had been requested to attend a meeting thereof on the day in question. They

took the car with the knowledge and consent of appellee. There was no evidence tending to show that they left home with the car for any other purpose than that of attending the meeting. They were engaged in using the car for one of the purposes for which the same was purchased by appellee. That he was interested in having his sons attend the church of which the family were members may well be assumed.

The case is ruled by our prior holdings; and, while the father is not liable for the torts of the son because of the relationship alone, we think there was evidence upon which the case should have been submitted to the jury, and the court did not commit error in overruling defendant's motion for a directed verdict. In view of our conclusion, we need not consider defendant's exceptions to the court's instruction upon this question.

Other alleged errors discussed by counsel are not likely to arise upon a retrial of this case, and we need not further discuss them. For the reasons indicated, the judgment of the lower court is—*Reversed* on plaintiff's appeal; *affirmed* on defendant's appeal.

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.