## TREGONNING v. CASTANTINI.

**1. NEGLIGENCE—MOTOR VEHICLES—QUESTION FOR JURY.**

In an action for personal injuries sustained by plaintiff in a collision at a street intersection between his truck and defendant's sedan, the question of defendant's negligence was one for the jury, in view of his testimony that he didn't see the truck until the collision occurred, that he was driving 20 to 25 miles an hour, and plaintiff had the right of way.

**2. SAME—DRIVER HAVING RIGHT OF WAY MUST EXERCISE ORDINARY CARE.**

That plaintiff had the right of way, as his car approached a street intersection, would not relieve him from the obligation of exercising ordinary care to avoid a collision with another car approaching the intersection on the other street, but he had a right to assume that the other driver would operate his machine in accordance with the law until, in the exercise of ordinary care, he either discovered, or should have discovered, that such was not the fact.

**3. SAME—CONTRIBUTORY NEGLIGENCE—SUDDEN EMERGENCY.**

Even if it is a fact that it may be possible, after the accident, to point out how it might have been avoided by plaintiff, this does not of necessity charge him with contributory negligence, where he had to act in a sudden emergency in deciding what to do.

**4. SAME—GENERAL RULE APPLICABLE.**

The general rule that one who is confronted with a sudden emergency due to the negligence of another is not held to the same accuracy of judgment as would be required of him under ordinary circumstances, applies where the danger of collision at an intersection suddenly looms up.

**5. SAME—QUESTION FOR JURY.**

Plaintiff's contributory negligence, under the circumstances, *held*, to present an issue of fact for the jury.

On duty of one having right of way at street or highway intersection to use due care, see annotation in 21 A. L. R. 974; 37 A. L. R. 493; 47 A. L. R. 595.

"Emergency rule" as applied to automobile drivers, see annotation in 6 A. L. R. 676; 27 A. L. R. 1197.

On excessiveness of verdicts in actions for personal injuries not resulting in death, see annotation in L. R. A. 1915F, 30; 46 A. L. R. 1230.

6. Same—Evidence—Pleading—Damages.

Where the declaration charged that plaintiff was "greatly cut, bruised, wounded, and contused in and about the body, and was internally injured, several ribs being cracked and fractured," etc., proof to the effect that plaintiff's lung was punctured, and that he has a permanent deformity caused by a fracture of a lower rib which was not restored to its normal condition as to alignment, was admissible.

7. Same — Expert Witnesses — Physician's Testimony Admissible.

In an action for personal injuries, testimony by a physician, as an expert witness, that "there may have been pulmonary pleurisy secondary to the fracture of the ribs," was not objectionable as too speculative.

8. Appeal and Error—Admission of Testimony as to Matters Not in Dispute Not Prejudicial.

Admission of testimony in a personal injury case as to what witnesses said to plaintiff at the time of the accident, and what they thought, held, not prejudicial, where it pertained to matters about which there was no substantial dispute.

9. Damages—Personal Injuries—Amount Rests in Discretion of Jury.

In personal injury cases the amount of damages to be awarded rests largely in the discretion of the jury, and so long as the determination of the jury is based upon competent proof, and is not shown to be the result of prejudice or corruption or a disregard of the testimony and law of the case, it should not be disturbed.

10. Same—Excessive Verdict.

Where there was testimony that plaintiff, as a result of the accident sued on, incurred hospital and doctor bills to the amount of $97.50, that he would be out of work for six or seven months, that he was rendered unconscious by the accident, his collar bone and two ribs broken, that he was in the hospital for ten days and thereafter confined to his bed for four weeks, and that he suffered great pain, necessitating the use of morphine, it cannot be said that a verdict for $2,104.50 is excessive.

Error to Gogebic; Driscoll (George O.), J.    Submitted April 5, 1928.    (Docket No. 36, Calendar No. 33,368.)    Decided June 22, 1928.

Case by Renates Tregonning against Demitrio Castantini for personal injuries.     Judgment for plaintiff. Defendant brings error.     Affirmed.

*Charles M. Humphrey* (*Rodgers & Dunn,* of counsel), for appellant.

*Baird & Rummel,* for appellee.

NORTH, J.     This action was brought by the plaintiff to recover damages for personal injuries sustained by him in a collision between a Ford truck which he was driving and a sedan driven by the defendant.     The accident occurred in the city of Ironwood at the intersection of North county road and Hemlock street. North county road extends in an easterly and westerly direction and is intersected by Hemlock street.     The plaintiff was driving the truck in a westerly direction on the North county road, and the other vehicle was being driven in a northerly direction on Hemlock street.     The plaintiff claims that as he approached this intersection he slowed his car down to a speed of from 10 to 15 miles per hour, and when he reached a point 10 feet east of the easterly line of Hemlock street he observed the defendant's automobile approaching the intersection approximately 25 feet south of the southerly line of the North county road.     The defendant was driving between 25 and 30 miles per hour.     Obviously the plaintiff had the right of way, and he thought this would be yielded to him by the defendant.     When the plaintiff had proceeded to a point about 6 or 8 feet west of the easterly line of Hemlock street and less than 20 feet east of the point of impact, he discovered that the defendant was not yielding the right of way.     The plaintiff claims he thereupon applied his brakes but was unable to avoid the collision.     The truck struck the sedan near the right-hand rear wheel.     At this time both of the vehicles were somewhat east of the center line of

Hemlock street and south of the center line of the North county road.  The plaintiff recovered damages in the amount of $2,104.50, and the defendant has brought the case here by writ of error.

The negligence charged against the defendant is that he disregarded the provision of the motor vehicle law which gave the plaintiff the right of way as the parties approached this intersection, and that the defendant drove his automobile at an unlawful rate of speed without having it under proper control, and without due regard for the rights and safety of others in the lawful use of the highway.  It is conceded in the defendant's brief that his negligence was a question of fact for the jury.  Obviously this is true, because the defendant testified:

"I didn't see the Ford truck until the collision occurred.  I was driving 20 to 25 miles an hour when the accident happened."

But it is claimed by the defendant that under the facts in this record the plaintiff should be held to have been guilty of contributory negligence as a matter of law.  It is apparent that plaintiff had the right of way as these two cars approached this intersection. This did not relieve him from the obligation of exercising ordinary care; but the record shows that plaintiff was keeping a proper lookout, that he slowed down his car as he approached the intersection, and it cannot be said as a matter of law that he was driving at an unlawful rate of speed.  He had the right to assume that the defendant would operate his machine in accordance with the provisions of the law until, in the exercise of ordinary care, he either discovered, or should have discovered, that such was not the fact.  1 Blashfield Cyc. of Automobile Law, 496.  The record discloses that while in the exercise of reasonable care the plaintiff suddenly found himself in a place of danger because of the fact that the defendant drove his auto-

mobile across this intersection in evident disregard of the rights and safety of others using the highway. The plaintiff had to act almost instantaneously in deciding what he could and would do and in putting his decision into execution. It is contended by the defendant that the plaintiff could have and should have stopped the truck he was driving or turned to the left and thus avoided the collision. It is a fair inference from the record that plaintiff made an effort to stop his machine but without success. Under the circumstances, the fact that he did not attempt to turn to the left and towards the swiftly approaching sedan can hardly be held to be contributory negligence. It was a rainy, foggy afternoon and the road was wet and muddy. When plaintiff applied his brakes, which he did immediately upon discovering the danger of collision, his machine slid forward six or eight feet. Even if it is a fact that it may be possible, after the accident, to point out how it might have been avoided by plaintiff, under the circumstances of this case, this does not of necessity charge him with contributory negligence.

"The general rule that one who is confronted with a sudden emergency due to the negligence of another is not held to the same accuracy of judgment as would be required of him under ordinary circumstances, applies where the danger of collision at an intersection suddenly looms up." 42 C. J. p. 1002.

We are of the opinion that under the facts and circumstances this case can be and should be distinguished from *Steinberg* v. *Wrecking Co.*, 238 Mich. 181, upon which the defendant relies, and the circuit judge was correct in holding that the question of the plaintiff's contributory negligence presented an issue of fact for the jury.

Error is claimed on the ground that the declaration does not cover certain facts, as to which proof was taken. This proof was to the effect that the plain-

tiff's lung was punctured, and that he has a permanent deformity caused by a fracture of a lower rib which was not restored to its normal condition as to alignment. The declaration charged that plaintiff was "greatly cut, bruised, wounded, and contused in and about the body, and was internally injured, several ribs being cracked and fractured," etc., and that he was permanently injured. Under this declaration the proof is admissible.

Doctor Prout was permitted to testify, over the defendant's objection, that "there may have been pulmonary pleurisy secondary to the fracture of the ribs." It is urged that this testimony was too speculative. Testimony of this character from expert witnesses has been held admissible by our former decisions. *Boehm* v. *City of Detroit,* 141 Mich. 277; *Bush* v. *Railway Co.,* 113 Mich. 513.

Objection is made to certain testimony given by Frank Kenieski, who was riding with the plaintiff, as to what the witnesses said to the plaintiff at the time of the accident and what the witnesses thought. All this testimony pertained to matters about which there was no substantial dispute and it was not prejudicial.

The remaining assignments of error are based on the defendant's claim that the verdict for $2,104.50 is excessive. Besides the proof of hospital bills and doctor bills incurred by plaintiff to the amount of $97.50, there was testimony that the plaintiff would not be able to resume his duties as a policeman for three or four months; and that as a result of the accident the plaintiff was rendered unconscious, his collar bone broken, two ribs were broken, and he was in the hospital at Ironwood for ten days. At the time of his release he was still unable to walk and was thereafter a bed patient in his own home for a period of four weeks. The doctor testified that the plaintiff suffered great pain, in consequence of which the use of morphine was necessitated. The trial occurred three months after

the accident, and at that time the plaintiff had not been able to return to his work.    In cases of this character the amount of damages to be awarded rests largely in the discretion of the jury; and so long as the determination of the jury is based upon competent proof, and is not shown to be the result of prejudice or corruption or a disregard of the testimony and law of the case, it should not be disturbed.    In view of the record in this case it cannot be held that this verdict is excessive.

The judgment is affirmed, with costs to the appellee.

FEAD, C. J., and FELLOWS, WIEST, CLARK, McDON-ALD, POTTER, and SHARPE, JJ., concurred.