## GUNNAR OLSON v. W. C. BYAM AND ANOTHER.[1]

March 22, 1929.

No. 27,034.

*Leslie S. High,* for appellant.
*W. K. Montague,* for respondents.

WILSON, C. J.

Plaintiff appealed from a judgment entered notwithstanding a verdict in his favor for $325.

Plaintiff drove his car northerly on an 18-foot paved highway. Defendant drove his car southerly thereon. They were in plain view of each other. It was daytime. There was a collision. The testimony is conflicting.

The motion for judgment non obstante admits the credibility of the adverse party and every inference which may fairly be drawn from such evidence. That view of the evidence most favorable to the adversary must be accepted. Manos v. St. Paul City Ry. Co. 173 Minn. 402, 217 N. W. 377.

[1]Reported in 224 N. W. 256.

Defendant was driving about 35 miles per hour, and plaintiff 15 to 20. Neither slackened speed. They were conscious of each other's presence. Defendant's left wheels were about four feet from the east edge of the pavement. Plaintiff expected defendant to seasonably yield the right of way. He had a right to assume that defendant would do so. Bradley v. Minneapolis St. Ry. Co. 161 Minn. 322, 201 N. W. 606, 46 A. L. R. 993; Michaels v. Smith, 240 Mich. 671, 216 N. W. 413; Blashfield, Cyc. of Automobile Law, 496; Carlson v. Meusberger, 200 Iowa, 65, 204 N. W. 432. Just before the accident defendant did turn his car toward the west side of the road, but it was too late. Plaintiff had already turned to his extreme right so that his right wheels were off the pavement and on the shoulder. Defendant's left rear wheel struck plaintiff's left front hub cap, causing plaintiff's car to go into the ditch on the west side of the road.

The last 200 feet of distance between these two approaching cars faded away in less than three seconds. The elements of contributory negligence are stated in Eichhorn v. Lundin, 172 Minn. 591, 216 N. W. 537. Whether the time ever came when it might be said that plaintiff should have realized that defendant was not going to seasonably yield the right of way and that an accident was imminent was, in our opinion, a question of fact and not one of law. Aubin v. Duluth St. Ry. Co. 169 Minn. 342, 211 N. W. 580. The mere fact, if it be a fact, that it may be possible after the accident to point out that the accident might have been avoided by plaintiff's turning his car one, two or six inches does not of necessity charge him with contributory negligence. Tregonning v. Castantini, 243 Mich. 233, 220 N. W. 171. Plaintiff's right wheels were off the paving on the loose sand shoulder near the ditch, and it may well be said that his situation was perilous for different reasons. The law does not require a man always to act unerringly. Marsh v. Ayers, 80 Mont. 401, 260 P. 702.

Our conclusion is that the questions of negligence and contributory negligence were for the jury, and that under rules stated in Manos v. St. Paul City Ry. Co. 173 Minn. 402, 217 N. W. 377, the verdict

must stand unless the trial court sees fit to grant the pending motion for a new trial.

Reversed.

HILTON, J. (dissenting).

I think that plaintiff was guilty of contributory negligence as a matter of law and that judgment non obstante was properly ordered. Plaintiff testified that he first saw defendant's car several hundred feet away and that it was coming on the east side of the pavement; that until they were 100 feet apart he himself was driving in the center of the pavement; that for the last 100 feet he was on the east side thereof. He testified that when he saw the defendant's car coming as it did he thought there was going to be an accident; that he could have stopped in 15 or 20 feet; that he was going between 15 and 20 miles an hour and kept right on at that speed and was so traveling when the cars came together. Plaintiff's witness Jacobson, who was riding with him, testified to the same effect. Plaintiff put his right wheels only two inches over on the shoulder, which was five or six feet wide. By the slightest additional effort, only taking a small fraction of a second, he could have avoided the collision. Had he turned his car even six inches farther out on the shoulder where there was ample room, there would have been no collision; or if he had stopped his car or had he slackened his speed the accident would not have happened. An automobile driver, though in the right, who, knowing of an impending danger due to the negligence of another and knowing that an accident will happen unless he takes a manifest and proper precaution, which is easily available, is guilty of contributory negligence. Brown v. M. & St. P. Ry. Co. 22 Minn. 165; Kelly v. St. P. M. & M. Co. 29 Minn. 1, 11 N. W. 67; Dircks v. Tonne, 183 Iowa, 403, 167 N. W. 103.