## GEORGE SOLBERG v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

February 5, 1943.

No. 33,346.

*Freeman, King & Geer,* for appellant.

*R. T. Boardman, J. F. Dulebohn,* and *L. O. Larson,* for respondent.

HENRY M. GALLAGHER, CHIEF JUSTICE.

In an action for personal injuries and property damage plaintiff had a verdict. The trial court granted defendant's motion for judgment notwithstanding the verdict, and plaintiff appeals from the judgment.

The action arises out of a collision between plaintiff's automobile and defendant's streetcar, which occurred about ten o'clock in the morning of April 13, 1941, near the intersection of Fifth street north and Fifth avenue north in Minneapolis. Defendant owns a parcel of land on the northwest corner of the intersection

[1] Reported in 7 N. W. (2d) 926.

which it uses as a Y for reversing the direction of its St. Paul-to-Minneapolis streetcars. It maintains two-way tracks on Fifth street. Rails from the south tracks run into the Y from the east, and the north track rails lead into it from the west. Cars from St. Paul in reversing their direction stop on the north tracks a short distance west of the Y, back into it, and pull out onto the south set of tracks so that they are headed east on Fifth street.

On the morning of the accident, plaintiff was driving his 1938 Plymouth automobile west along the north side of Fifth street. He testified that when he was about 200 feet east of the Y he observed a streetcar pulling out of it; that he was then traveling about 25 to 30 miles an hour; that upon seeing the streetcar he reduced his speed to five or ten miles per hour and turned toward his right so that his automobile was about three feet from the north curb; that when the rear end of the streetcar which was turning east onto Fifth street had cleared his lane of travel he speeded up to approximately 15 miles per hour and as he passed the rear end of it he saw another streetcar about 25 to 30 feet away backing from the north tracks into the Y from the west and into his lane of travel; that it was moving at about 15 miles an hour; that he applied his brakes in an effort to avoid a collision, but the rear left end of the streetcar collided with the left front end of his car, causing the injuries and damages here involved.

There was the usual dispute in the testimony concerning the rates of speed at which the automobile and the streetcar were moving, the position of each at the time of the accident, and the opportunity each operator had to see the other vehicle. The jury resolved these fact issues in plaintiff's favor. The trial court, however, was of the opinion that plaintiff was guilty of contributory negligence as a matter of law. In a memorandum made part of the order granting judgment for defendant, the court said:

"After reviewing the testimony in this case and considering the law, the court is of the opinion that plaintiff failed to keep a proper lookout for traffic ahead and that in swinging his auto to the right to pass behind the St. Paul bound streetcar without

having determined if there was any streetcar or other traffic present, he placed himself in a dangerous position through no fault on the part of the defendant. Plaintiff knew this locality well and that streetcars frequently wyed there."

We have reviewed the evidence and conclude that the question of plaintiff's contributory negligence was for the jury. While plaintiff frequently traveled on Fifth street and was familiar with the location of the tracks and with defendant's custom in using the Y for turning its cars, the jury could have found that plaintiff's view to the west was obstructed by defendant's St. Paul-bound streetcar so as to prevent his seeing the car with which he collided until a few seconds before the impact, that he was traveling at a reasonable speed, and that he made a reasonable effort to avoid the collision. For their consideration, too, was the fact that the streetcar involved in the accident was proceeding backward against the westbound traffic and across plaintiff's rightful lane of travel.

A motion by a defendant for judgment notwithstanding the verdict should not be granted in a negligence case, whether the ground of the motion be the want of negligence of the defendant or the contributory negligence of the plaintiff, unless the evidence of the negligence of the defendant is wanting or the evidence of the plaintiff's negligence is clear. Stritzke v. C. G. W. R. Co. 190 Minn. 323, 251 N. W. 532. All reasonable doubts must be resolved in favor of the verdict. First Nat. Bank v. Fox, 191 Minn. 318, 254 N. W. 8. On such a motion, the view of the evidence most favorable to the adverse party must be accepted. Olson v. Byam, 176 Minn. 619, 224 N. W. 256; Thom v. N. P. Ry. Co. 190 Minn. 622, 252 N. W. 660. See also 3 Dunnell, Dig. & Supp. § 5082.

On the record it cannot be said that reasonable minds could not differ on the questions of negligence and contributory negligence here presented. The jury was not compelled to find negligence on

plaintiff's part which proximately contributed to the collision and the consequent injuries and damages.

Reversed with directions to reinstate verdict.