## JOHN KERZIE v. LOUISE W. RODINE AND OTHERS.[1]

November 5, 1943.

No. 33,521.

[1]Reported in 11 N. W. (2d) 771.

*Stone, Manthey & Carey,* for appellant.

*Charles T. Wangensteen,* for plaintiff-respondent.

*Thomas H. Strizich,* for defendants August and Kenneth Miller on motion to dismiss appeal as to them.

HOLT, COMMISSIONER.

This is an action to recover damages for the wrongful death of plaintiff's 28-year-old daughter Angeline, alleged to have been caused by the negligence of the defendants Louise W. Rodine and Kenneth Miller. There was a verdict in favor of Kenneth Miller, the driver of the car in which Angeline was a guest passenger, and in favor of August Miller, the owner of the car, with whose consent Kenneth was using it, and a verdict for $5,500 against defendant Rodine alone. Her motion to vacate the verdict and grant her a new trial was denied, and she appeals.

For a proper understanding of the issues on this appeal, this statement of the facts occurring just before the fatal injuries were inflicted upon Angeline is deemed sufficient: Defendant Kenneth Miller, about 18 years old, had graduated from the high school at Virginia on June 4, 1942. The next day defendant August Miller, Kenneth's father, the owner of a 1929 Ford coupe, let Kenneth take the car to visit relatives at Sebeka. Kenneth started about 7:30 in the morning. When he came to Chisholm, he noticed Angeline and Miss Mary Oberstar by the side of the road waiting for transportation to Hibbing. As it was drizzling, he invited them to ride with him. They accepted. Miss Oberstar sat in the middle and Angeline to the right. The rain increased as they drove west, and the windshield wipers were operated. Some four miles from Hibbing defendant Rodine entered the highway from the south, a short distance ahead of Kenneth, driving toward Hibbing. Both cars traveled at about the same rate, from 30 to 35 miles an hour, Kenneth keeping from 25 feet to 200 feet back of Mrs. Rodine. When within about a mile of the overhead railroad crossing east of Hibbing, Mrs. Rodine noticed, as she came over a rise in the road way, a horse and cart with two passengers, covered by blankets, traveling ahead in the right lane of the highway. The highway there was blacktop, about 28 feet in width, with firm shoulders. There is conflict as to the following: Mrs. Rodine testified that she slowed down because she saw meeting traffic, but that she did not stop or suddenly decrease her speed. She claims that Kenneth ran into the rear part of her car and tipped over. Kenneth testified that Mrs. Rodine stopped suddenly and without warning, and that to avoid striking her car he turned his car quickly, it overturned, and Angeline was injured.

■ The first contention of appellant is that the court erred in instructing the jury thus:

"In this case it seems to me the accident was caused by the negligence of one or both of the defendants and that the plaintiff is entitled to a verdict against one or both of the defendants, and that you will be required to bring in a verdict in favor of the plaintiff."

It may be doubtful whether this instruction was appropriate in view of what follows in the charge. After stating that the burden was on plaintiff to establish his cause of action by a fair preponderance of the evidence, the charge proceeds:

"To recover a verdict against the defendant Mrs. Rodine, the plaintiff must establish by a fair preponderance of the evidence that Mrs. Rodine was negligent in the way she drove her car at the time of the accident, and that this negligence was a direct, material factor in the causing of the accident."

Then in the same language the jury were directed to pass upon Kenneth's driving. Then was given a definition of negligence which is not found fault with. After reading certain applicable statutes relating to speed and to one motorist driving behind another vehicle, the charge continues:

"If you find that the plaintiff has established by a fair preponderance of the evidence that both Kenneth Miller and Mrs. Rodine were negligent and that the negligence of each of them was a contributing proximate cause of the accident, then your verdict should be against both defendants. If you find that the plaintiff has established by the requisite degree of proof that Mrs. Rodine was negligent and her negligence was the sole direct cause of the accident, then your verdict should be against Mrs. Rodine alone and in favor of the other defendants."

The next sentence gives the same law as applicable to Kenneth's negligence.

It is clear that, notwithstanding the first statement of the court that the verdict must be for the plaintiff, the greater part of the charge directed the jury to decide whether or not the fair preponderance of the evidence authorized a verdict for plaintiff against either Mrs. Rodine or the Millers. Neither Mrs. Rodine nor the Millers can fairly claim prejudice from the opinion expressed at the beginning of the charge by the trial court.

■ The court read the speed statute, Minn. St. 1941, § 169.14, subd. 1 (Mason St. 1940 Supp. § 2720-178[a]). This is claimed

error. We do not so regard it. The court properly limited the speed to the time just before the accident.

■ Error is also assigned on the alleged refusal to give appellant's request to charge in respect to how the driver of a motor vehicle overtaking a vehicle moving in the same direction should operate his vehicle. This assignment is without merit. The court read *Id.* § 169.18, subd. 3(10), (§ 2720-189[a]), as embodied in the request. This statute is so plain and simple that there was no occasion for the court to construe it or comment thereon.

The complaint of appellant is that the contributory negligence pleaded by defendants was not submitted to the jury. We are quite clear that there is nothing in this record that would have justified the court in submitting Angeline's contributory negligence to the jury. The tipping over of the Ford coupe caused the fatal injuries, and that tipping came so suddenly and unexpectedly that there was nothing that Angeline could possibly do to prevent it or to save herself.

■ It is also said the verdict of $5,500 is so large as to indicate that passion and prejudice actuated the jury. We think not. The evidence shows that Angeline, 28 years old, was healthy and capable, and had remained at home, done the housework, and nursed her mother during a long period of the latter's illness. It was only about six months prior to the day of the accident that she had accepted employment at the Penney store in Hibbing; but she still lived with her parents at Chisholm and helped with the housework; and Sundays and the time when she was not required to be at work in the Penney store she spent at home, even doing the family washing. It was also permissible for the jury in assessing damages to consider the present low value of money and the high cost of living.

■ We need not consider the motion of the respondents Miller to dismiss the appeal as to them on the ground that the Rodine motion did not ask to have the verdict in their favor set aside and did not serve upon them notice of the court's order denying a new

trial as to Rodine, because, having affirmed the order as to appellant Rodine, the appeal is disposed of.

Order affirmed.

Mr. Justice Loring, absent because of accidental injuries, took no part in the consideration or decision of this case.

[1]Reported in 11 N. W. (2d) 776.