# WALTER SANDERS v. GEORGE GILBERTSON.[1]

October 24, 1947.

No. 34,463.

*O. K. Alger,* for appellant.

*W. A. Winter* and *Norvell C. Callaghan,* for respondent.

[1]Reported in 29 N. W. (2d) 357.

MATSON, JUSTICE.

Appeal from an order denying defendant's motion for judgment *non obstante* or a new trial.

On July 14, 1945, plaintiff, accompanied by his wife, his sister-in-law, and his four children, ranging in age from five months to seven years, drove a borrowed 1932 Chevrolet sedan in a westerly direction over an east-west graveled highway at a point about two and one-half miles northwest of Brooten. At this place the highway is intersected at right angles by a little-used township road running north and south, and on this road the defendant was then operating his car in a northerly direction with the intent of crossing such intersection. The intersection presented an open view in all directions, the roadbed was dry, the day bright and clear, and the hour about 5:30 p. m. wartime, or 4:30 p. m. central standard time. The traveled portion of the graveled highway is approximately 20 feet wide and that of the north-south road about 10 feet wide. Taking, as we must, a view of the evidence most favorable to plaintiff, it appears that the parties approached the intersection at about the same time, with plaintiff, approaching from defendant's right, having the right of way. When plaintiff was about 125 feet from the intersection, he for the first time saw defendant's car, which was then standing still on the north-south crossroad about 10 feet back from the edge of the graveled highway. At this point plaintiff did not apply his brakes, but he "let up on the foot feed" and continued westward at about 35 miles per hour. When he was 65 or 70 feet from the center of the intersection, defendant's car started forward and gained speed rapidly as it entered and moved across the intersection. Plaintiff then applied his brakes and veered to the right to avoid a collision. The two cars collided in the northwest portion of the intersection near the north edge of the graveled highway, with the left front of plaintiff's car colliding with the right side of defendant's car. At the moment of impact, plaintiff estimated his speed at from 6 to 10 miles per hour and that of defendant at about 15 miles per hour. In the collision, plaintiff's car was overturned and plaintiff pinned beneath it. Defendant's car re-

mained upright and stopped on the grass a few feet north of the intersection.

■ The evidence is conflicting, and in stating the facts we have construed the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the verdict and applied the elementary rule—as unpalatable as wormwood to a disappointed litigant—that it is only where evidence of the absence of negligence or of the presence of contributory negligence is so clear as to leave no room for an honest difference of opinion among reasonable men that the court may enter upon the province of the jury and set aside a verdict for plaintiff. Goldfine v. Johnson, 208 Minn. 449, 294 N. W. 459; Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327; Johnson v. Evanski, 221 Minn. 323, 22 N. W. (2d) 213. Obviously, this is not a case where the evidence against the verdict overwhelmingly preponderates over the evidence in its support. See, 6 Dunnell, Dig. & Supp. § 9764.

■ Defendant asserts that he was free from negligence, in that before entering the intersection he had stopped only momentarily and had done nothing to justify plaintiff in assuming that defendant's car would remain stationary until plaintiff had passed. Plaintiff testified that defendant's car was standing still when he was 125 feet away, and that such car did not start forward until he (plaintiff) was only 65 or 70 feet from the center of the intersection. Clearly, it was for the jury to determine the actual facts, and, in the light of the evidence as a whole, we cannot say that the jury could not reasonably find that defendant proceeded into the intersection at a time when the plaintiff had the right of way and had done nothing to lose it. Plaintiff had the right of way as against any vehicle approaching from his left. He also had the right to assume, until observation indicated the contrary, that anyone to his left occupying a stationary vehicle outside the intersection would not suddenly propel the vehicle forward, but would comply with the law and yield the right of way to him. See, Pearson v. Norell, 198 Minn. 303, 269 N. W. 643.

■ Defendant asserts that plaintiff was guilty of contributory negligence, in that, when 330 feet from the intersection, he failed to see defendant's car approaching the highway. Those Siamese twins collectively called contributory negligence can have no existence unless both twins, known in legal parlance as (a) want of ordinary care and (b) causal connection, are present. Assuming that there was a want of ordinary care in failing to see defendant's car when plaintiff was 330 feet from the intersection, where is the causal connection? It cannot be said that the failure to see defendant's car at this distance was a proximate cause of the accident, in view of the fact that defendant's car subsequently was still standing 10 feet outside the intersection at a time when plaintiff was still 125 feet away. Whatever causal connection may have existed was cut off and neutralized by the subsequent conduct of the parties. Want of ordinary care which is not a proximate cause of the collision is not sufficient to establish contributory negligence.[2]

■ Defendant contends that plaintiff in the exercise of ordinary care should have turned to the left instead of to the right when he saw defendant's car start and enter the intersection, and that if he had so turned to the left the collision would not have occurred. In respect to this contention, defendant alleges that the trial court erred in giving plaintiff the benefit of the emergency rule. The court charged:

" 'One suddenly confronted by a peril *through no fault of his own,* who, in an attempt to escape, does not choose the best or safest way, should not be held negligent because of his choice, unless it was so hazardous that the ordinarily prudent person would not have made it under similar conditions.'

"You will notice that this rule states that one who suddenly is placed in a position of peril *through no fault of his own.* It must be through the fault of some one else that he is placed in a position

---

[2]Guile v. Greenberg, 192 Minn. 548, 257 N. W. 649; Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327; Restatement, Torts, § 463; 38 Am. Jur., Negligence, § 213.

of peril. *If he is in a position of peril through his own fault, of course, this rule does not apply at all."* (Italics supplied.)

The charge as given was correct. Johnson v. Townsend, 195 Minn. 107, 261 N. W. 859; Merritt v. Stuve, 215 Minn. 44, 9 N. W. (2d) 329. We cannot say that the jury erred in finding, as it must have done, that plaintiff was suddenly placed in a position of peril through no fault of his own and that therefore the emergency rule applied. Plaintiff was only 65 or 70 feet from the center of the intersection when defendant's car suddenly started forward with increasing speed. A person's conduct in a moment of peril is not to be measured by the same standard of exactness as that dictated by leisurely observation made after the accident. He who is confronted with a sudden peril through no fault of his own is not to be charged with the wisdom of hindsight. Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327. The issue was properly left to the jury.

Defendant seeks to predicate contributory negligence on a variety of other issues, such as the absence of a sun visor on plaintiff's car, defective brakes, faulty tires, excessive speed, and also on the physical facts indicated by the point of collision between the cars and by certain skid marks on the roadbed. No purpose will be served by a detailed discussion of these factual issues, in that they all involved conflicting evidence and were properly left to and resolved by the jury.

Affirmed.