PAULUS, by Guardian *ad litem,* Plaintiff, vs. TRUSKOWSKI, by Guardian *ad litem,* and another, Respondents.
ARPIN, Appellant, vs. SAME, Respondents.

*December 8, 1955—January 10, 1956.*

For the appellant there was a brief by *Hanaway & Byrnes* of Green Bay, and oral argument by *Charles T. Hanaway.*

For the respondents there was a brief by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *John P. Duffy.*

STEINLE, J.   The plaintiff contends that the trial court erred in its determination that a verdict should have been directed and that, consequently, he is entitled to a new trial for such error.   He urges also that the host Truskowski

should have been found guilty, as a matter of law, of causal negligence with respect to lookout. He concedes that the question whether Truskowski was guilty of negligence as to control was for the jury.

The testimony bearing upon the question whether Truskowski was causally negligent with respect to lookout in substance is as follows:

Truskowski testified that his view ahead was unobstructed; he did not see the Wade car come across the boulevard, he first saw it when it was 50 to 75 yards away when it seemed to swerve and miss the truck ahead of him; he was then going from 50 to 55 miles per hour; he could have stopped his car in a distance of about 115 feet; he turned to his left and applied his brakes when he first saw the car driven by Wade; at the time of the collision his car was traveling at the rate of about 15 miles per hour; he looked at plaintiff Arpin very shortly before the collision, which may account for the fact that he did not see the Wade car come across the boulevard; the collision occurred just to the west of the center line of the north lanes. Donald Paulus, another occupant of the Truskowski automobile, saw Wade come across the boulevard; it traveled about 70 feet on the boulevard; when he first saw the lights of the car driven by Wade, they were about 500 feet from the Truskowski car; the car driven by Wade traveled in the northbound lane for about 200 feet and appeared not to be under control. Richard Kiewatt, the driver of the southbound truck which Truskowski had passed shortly before the accident, testified that Wade traveled on the boulevard for a distance of about 200 feet; Truskowski's car was about 300 feet behind the unidentified truck; when Wade entered the boulevard, Truskowski was about 800 feet from the Wade car; when the car driven by Wade struck the northbound truck, the Truskowski car was about 300 feet behind the truck; immediately after the tire blew out, the car driven by Wade swerved to its right onto the west

shoulder and traveled on the shoulder a distance of approximately 75 feet and then swung to the east and traveled across the boulevard and north lane before striking the truck.

Testimony most favorable to the plaintiff indicates that Truskowski did not see the car driven by Wade until the latter struck the unidentified truck and when it was 150 to 200 feet ahead of him, whereas the witness Paulus saw its light when they were 500 feet from the Truskowski car, and .as it traveled about 70 feet on the boulevard, and Kiewatt saw that the Truskowski car was about 800 feet from the car driven by Wade when the latter entered the boulevard, and was about 300 feet behind the truck when the car driven by Wade struck the truck. None of this testimony is controverted, and plaintiff contends that since it was possible for Truskowski to have seen the car driven by Wade sooner than he did, he should be held guilty of negligence as to lookout as a matter of law.

We have no difficulty in concluding that Truskowski was not guilty of negligence with respect to lookout as a matter of law. We are aware of no rule that requires the driver of an automobile on a boulevard highway, the lanes of which are separated by a centerpiece, to keep a lookout to his left and across the centerpiece so as to observe vehicles traveling in the opposite direction. There was no obligation under the law on the part of Truskowski to have observed the car driven by Wade while it was traveling in the southbound lane of traffic.

The car driven by Wade went out of control when the blowout of the tire occurred. The undisputed testimony indicates that Wade first swung to his right (west) and then swerved to the left (east). It traveled 50 to 75 feet before entering the centerpiece. It then "shot" diagonally across the centerpiece and into the northbound lane, "fishtailing and bouncing up and down," for about 200 to 250 feet before striking the truck which preceded the Truskowski car. Trus-

kowski did not observe the car driven by Wade until a moment before it struck the truck. He slowed his car to 15 miles per hour and turned it to the right. The distance between the truck and the Truskowski car when the truck was struck by the car driven by Wade was 200 to 300 feet.

Had it not been possible for Truskowski to have observed the Wade automobile until it invaded Truskowski's lane, then clearly the situation would be controlled by the emergency doctrine as enunciated in *Havens v. Havens* (1954), 266 Wis. 282, 63 N. W. (2d) 86; *Feinsinger v. Bard* (7th Cir. 1952), 195 Fed. (2d) 45; *Hoehne v. Mittelstadt* (1948), 252 Wis. 170, 31 N. W. (2d) 150.

Were it to be found that Truskowski's failure to have observed the car driven by Wade while it was crossing the centerpiece, constituted negligence, it is nevertheless inconceivable that under circumstances as detailed in the record affecting the situation, any valid determination could be made that such negligence was an efficient cause of the injuries sustained by the plaintiff. Notwithstanding that Truskowski did not observe the car driven by Wade as it "shot across" the centerpiece, an emergency was created, to which any failure of lookout on Truskowski's part did not contribute. The driver of the unidentified truck which preceded the Truskowski car apparently observed the car driven by Wade as it crossed the south lane, the centerpiece and a part of the north lane, but he was unable to avoid being struck by it, despite the fact that he turned the truck toward the east shoulder. The car driven by the lady behind the car of Truskowski, swung into the centerpiece. While her car was not struck, it appears that until the Wade car came to rest, she too was in a position of having her car run into by the Wade car. Regardless of any course that Truskowski might have adopted had he seen the Wade car after it entered upon the centerpiece and before it was observed by him in the north lane, he was exposed to the danger of having his car

struck by the Wade car. Any finding that negligence of Truskowski with respect to lookout contributed to the emergency or to the injuries sustained by the plaintiff, could not stand. It is considered that an emergency situation was created as a matter of law at least at the time when the car driven by Wade started to cross the centerpiece. Affected by such emergency were the respective vehicles driven by Truskowski, the truck immediately ahead of him, and the car immediately behind him. None of the drivers of these particular northbound cars wholly or partly created the emergency.

We are of the opinion that the court's ruling, to the effect that a verdict in favor of Truskowski ought to have been directed, was correct.

*By the Court.*—Judgment affirmed.

BROADFOOT, J., dissents.