JOAN D. GOTHE v. BERNARD W. MURRAY AND ANOTHER.

109 N. W. (2d) 350.

May 19, 1961—No. 38,133.

*Robins, Davis & Lyons* and *Lawrence Zelle,* for appellant.

*Meagher, Geer, Markham & Anderson, Manson Reedal,* and *O. C. Adamson II,* for respondents.

FRANK T. GALLAGHER, JUSTICE.

Appeal by plaintiff from an order of the district court ordering judgment in favor of the defendants notwithstanding the verdict and conditionally granting a new trial in the event the supreme court should determine that judgment should not be entered in favor of the defendants.

This case involves a head-on collision between a Plymouth station wagon, driven by Glen A. Gothe, and a Cadillac, driven by defendant Delores Kaufmann Murray[1] and owned by defendant Bernard W. Murray. The collision occurred at about 10 o'clock on the night of April 7, 1958, on Highway No. 65 near Lakeville, Minnesota. Mr. Gothe was killed in the accident, and Joan D. Gothe, his widow, brought this action for death by wrongful act as trustee for his heirs.

At the place where the accident occurred Highway No. 65 is a two-lane, straight, level, black-top highway which runs in a north-south direction. There is a painted broken line down the center. The Plymouth was traveling north and the Cadillac was traveling south. The weather was fair, visibility clear, and traffic was light at the time of the accident.

It was determined at the trial, according to the order appealed from, that the sole matter involved was which driver was on the wrong side of the highway—if defendant driver was on the wrong side, it would be negligence as a matter of law and a proximate cause of the collision; if plaintiff's decedent was on the wrong side it would be negligence and a proximate cause of the accident with no recovery allowable. Accordingly, the following special verdict was submitted to the jury and answered by it:

"QUESTION NO. 1

---

[1] Defendant Delores Kaufmann was married to defendant Bernard W. Murray on August 20, 1958, after the accident.

"Which driver was on the wrong side of the highway at the time of the collision? [Answer] DeLores Murray

*     *     *     *     *

"QUESTION No. 2

"What was the pecuniary or money loss sustained by Joan D. Gothe, Delores Gothe and David Gothe, as a result of the death of the husband and father, Glen A. Gothe? [Answer] $17,500.00."

Defendants moved for judgment notwithstanding the verdict upon the grounds that it was not justified by the evidence; that it was contrary to law; that they were entitled to a directed verdict at the close of the evidence; that it conclusively appeared from the evidence that the cause failed to sustain the action as set forth in plaintiff's complaint; and that it appeared from the evidence that plaintiff's decedent was negligent in the operation of his automobile. Defendants also moved for a new trial in the event their motion for a judgment notwithstanding the verdict should be denied on the grounds that the verdict was not justified or supported by the evidence; that it was contrary to law; and that it was apparent that the jury had reached a compromise of the dispute.

Plaintiff appealed from the trial court's order as stated. In her assignment of errors plaintiff claims that the trial court erred in ordering judgment for the defendants notwithstanding the verdict and in contingently ordering a new trial in the event the order for judgment notwithstanding the verdict should be reversed by this court.

The only evidence as to which driver was on the wrong side is the testimony of Mrs. Murray and a large number of photographs taken at the scene.

Mrs. Murray testified in substance that she was traveling south on Highway No. 65 in her right-hand lane at a speed of 40 to 42 miles per hour. She said she saw the Plymouth driven by plaintiff's decedent approaching from the south when it was about a mile away. She claims that she first reduced the speed of her car by taking her foot off the accelerator when the Gothe car was about four blocks (1,200 feet) away; that she could see "all the way down to where his car was"; that both cars had their lights on; and that she could see the shoulder of the road on each side and the edge of the pavement on each side.

She stated that as they came closer together the headlights on the Cadillac automatically switched to low beam; that she noticed decedent was driving at a fast rate of speed and that he did not dim his lights; and then she claimed that it came over into her lane of traffic, "He was on my side of the road coming straight down at me." She said that when the Gothe car was about two blocks (600 feet) away she first started to pull over to the right shoulder. Up to that time she said she had been traveling in the center of what would be the right-hand lane. By the time she pulled over to the right she testified that she reduced the speed of her car to about 20 miles per hour. She further stated when she turned to the right she moved the car over to the edge of the shoulder as far as she could.

She was asked on direct examination:

"Q. Could you tell us on which side of the road he was then on, with reference to east or west?

"A. On the west side.

"Q. And what lane was that?

"A. In my lane.

"Q. The southbound lane?

"A. Yes.

"Q. And could you see the headlights straight at you?

"A. Yes, sir.

"Q. And in response to counsel's question, you used a term, you were petrified.

"A. Petrified, yes, I was petrified.

"Q. What did you mean by that?

"A. I just didn't know what I was going to do to get out of the way. I just didn't have time for anything; he was right into me.

\*　　\*　　\*　　\*　　\*

"Q. Did you have any reason to ever drive to the left of the center line?

"A. No, no.

"Q. Did this accident happen very suddenly?

"A. Yes, sir."

Mrs. Murray was injured in the accident and taken to the hospital at Farmington.

■ Plaintiff argues that the error of the trial court in ordering judgment notwithstanding the verdict is manifest from an examination of the record and exhibits introduced in her behalf. She refers to the rule that on a motion for judgment notwithstanding the verdict the evidence adduced at the trial must be viewed in the light most favorable to the verdict, citing Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660; Sundeen v. Barthel, 241 Minn. 398, 63 N. W. (2d) 267, and other cases.

In the Sundeen case this court stated that a motion for judgment notwithstanding the verdict accepts the view of the evidence most favorable to the verdict and admits every inference reasonably to be drawn therefrom, as well as the credibility of the testimony for the adverse party, and if the application of the rule in the light of the evidence as a whole discloses a reasonable basis for the verdict, the motion must be denied. See, also, Cofran v. Swanman, 225 Minn. 40, 29 N. W. (2d) 448; Sanders v. Gilbertson, 224 Minn. 546, 29 N. W. (2d) 357.

Plaintiff contends that with these rules as a basis it is apparent that the trial court could not order judgment notwithstanding the verdict in the instant case without committing reversible error. She cites Mayzlik v. Lansing Elevator Co. 241 Minn. 468, 471, 63 N. W. (2d) 380, 383, wherein this court said:

"The rule in this state is that a motion for judgment notwithstanding the verdict will be granted only when the evidence is conclusive against the verdict."

It is her position that when the evidence in the instant case is viewed in the light most favorable to the verdict it cannot be considered as conclusive against the verdict.

Plaintiff further argues that counsel for both parties, as well as the trial court, agreed that the factual issue as to which driver was on the wrong side of the road was in dispute at the close of all the evidence; that it was on that question alone that the case was submitted to the jury; that reasonable minds differed as to the true facts when the case

was presented to the jury; that the situation had not changed when the trial court ordered judgment notwithstanding the verdict; and that therefore it was not justified in ruling as a matter of law that decedent Gothe's car was on the wrong side of the road. She cites Carpenter v. Birkholm, 242 Minn. 379, 65 N. W. (2d) 250. In that case it was held that it is only when different minds can reasonably arrive at but one result that fact issues become questions of law justifying a court in substituting its judgment for that of a jury and that a verdict should not be set aside unless it is manifestly and palpably contrary to the evidence as a whole. See, also, Robinson v. Butler, 234 Minn. 252, 48 N. W. (2d) 169.

Plaintiff claims that the verdict in this case is not manifestly and palpably contrary to the evidence when viewed in its entirety; that her case as to liability was based principally upon certain photographs introduced at the trial and upon the argument of her counsel from those photographs; that the photographs and testimony adduced at the trial adequately supported the jury's finding on the specific question submitted so as to render a judgment notwithstanding the verdict erroneous.

Briefly, plaintiff's theory as to how the accident occurred is that defendants' car came over on the wrong side of the road, collided head on with decedent's car, rode up on the left front side of that car, and then returned to the highway. In support of this theory it is her claim that the exhibits show a considerable amount of dust-dirt type of undercoating debris to be found on decedent's side of the highway. Plaintiff argues that this kind of debris commonly falls from the undercarriage of an automobile at the time of an impact; that its location on the highway shows that the collision occurred on the northbound half of the road; that the oil slick or streak which can be seen on the exhibits came from the Plymouth and begins on the northbound side of the centerline; and that from these facts alone the jury was justified in finding that it was defendants' Cadillac which was on the wrong side of the road.

Defendants dispute plaintiff's theory as to how the accident happened, arguing in effect that it could not have happened in the manner theorized by plaintiff. It is their contention that we cannot disre-

gard the uncontradicted and unimpeached testimony of the only eye-witness, Mrs. Murray, to the effect that the collision occurred in her lane of traffic. They also refer to evidence with reference to what they claim were decedent's exhausting and extensive activities during the day of the accident. It appears in the record that Mr. Gothe was employed as a traveling salesman; that although he lived at Crystal, Minnesota, his route took him into southern Minnesota; that on the day of the accident he arose at 4:30 a. m., left his home at 7 a. m., and visited various places in southern Minnesota, including Austin and Albert Lea in connection with his business. When the accident oc-curred, Mr. Gothe had been on the road some 15 hours and was ap-parently returning home.

On the other hand plaintiff argues that the physical facts as revealed by the photographs substantiate the verdict and that inconsistencies appearing in Mrs. Murray's testimony would justify a jury in not ac-cepting her version of the accident.

In O'Leary v. Wangensteen, 175 Minn. 368, 221 N. W. 430, this court stated that the rule is well established in this state that the court or jury cannot disregard the positive testimony of an unimpeached witness unless and until its improbability or inconsistency furnishes a reasonable ground for so doing, and this improbability or inconsist-ency must appear from the facts and circumstances disclosed by the record in the case. We further said there that such testimony cannot be disregarded arbitrarily by either court or jury for reasons resting wholly in their own minds and not based upon anything appearing at the trial.

In Pagel v. Holewinski, 11 Wis. (2d) 634, 106 N. W. (2d) 425, the court held that a trial court may base a finding of fact with respect to an issue of negligence in an automobile case upon a reasonable in-ference drawn from physical facts thereby rejecting testimony of the only eyewitness if such physical facts are capable of permitting more than one inference to be deduced therefrom.

It will serve no useful purpose for us to attempt to review in this opinion all of the evidentiary details. An examination of the evidence in its entirety satisfies us that it was error in the light of the circum-stances here to grant judgment notwithstanding the verdict. While it

appears that the verdict here is contrary to the testimony of the only eyewitness, it also appears from an examination of the photographs and other testimony in connection with the physical facts existing after the accident that a reasonable inference might be drawn upon which a jury might reject the testimony of the only eyewitness since such physical facts were capable of permitting more than one inference to be deduced from them.

■ As to that part of the trial court's order conditionally granting a new trial, it is our opinion that the matter of a new trial is controlled by Satter v. Turner, 257 Minn. 145, 100 N. W. (2d) 660, and that plaintiff's appeal from that part of the order should be dismissed.

Reversed and remanded.

MR. JUSTICE OTIS, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.