BEVERLY SCHWAB v. HOWARD SOLDNER AND ANOTHER.

177 N. W. (2d) 799.

June 5, 1970—No. 42294.

*Schermer, Gensler, Schwappach, Borkon & Ramstead* and *Roy A. Schwappach,* for appellant.

*Peterson & Holtze* and *Theodore N. Treat, Jr.,* for respondent Soldner.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Theodore B. Knudson, JJ.

Per Curiam.

Plaintiff, Beverly Schwab, appeals from an adverse judgment in an action growing out of an automobile collision. She contends that the trial court erred in holding, as a matter of law, that defendant, Howard Soldner, was not negligent in the operation of his vehicle.

From the record it appears that plaintiff was a passenger in an automobile operated by her sister, defendant Marilyn Reiners, on October 2, 1967, at about 1 p. m. The Reiners vehicle was proceeding in a westerly direction on Osborne Road, a secondary road in Spring Lake Park, Anoka County. Soldner was operating his vehicle in a southerly direction on Highway No. 65, a divided arterial highway. The weather was clear and bright, and the roads were straight and level. Osborne Road is controlled by a stop sign at its intersection with the northbound lane of Highway No. 65 and by a yield sign in the crossover between the northbound and southbound lanes of the highway. Highway No. 65 at this intersection has four lanes for northbound traffic and four lanes for southbound traffic. The four lanes consist of a left-turn lane, a right-turn lane, and two travel lanes.

Mrs. Reiners stopped at the stop sign on the east side of Highway No. 65 prior to crossing the northbound lanes. She proceeded across the northbound lane and stopped again in the median at the yield sign. She then entered the southbound lane of Highway No. 65 into the path of defendant Soldner's automobile and was struck broadside.

Mrs. Reiners testified that she never saw the other car prior to the collision. Defendant Soldner, who was injured in the collision, testified that he could remember nothing other than leaving home and waking up in the hospital. Plaintiff stated that she first saw the Soldner vehicle just before the impact.

The trial court found that the negligence of Mrs. Reiners was the sole, direct, and proximate cause of the collision. It further found that defendant Soldner was free from any negligence and that as to him the collision was unavoidable. The court emphasized the fact that defendant Soldner was authorized to drive at 65 m. p. h. and that the collision occurred about 10 to 15 feet from where Mrs. Reiners had stopped pursuant to the yield sign.

We agree that the trial court reached the correct result. Defendant Soldner had the right-of-way as against any vehicle approaching from his left. He had the right to assume, until observation indicated the contrary, that anyone to his left, occupying a stationary vehicle in the

median area, would not suddenly propel the vehicle forward but would comply with the law and yield the right-of-way to him. Sanders v. Gilbertson, 224 Minn. 546, 29 N. W. (2d) 357; Pearson v. Norell, 198 Minn. 303, 269 N. W. 643.

Affirmed.