LEO F. GOEDEN v. HARLAN P. THOMPSON
AND ANOTHER.

184 N. W. (2d) 8.

February 12, 1971—No. 42439.

*Wattam, Vogel, Vogel & Peterson, Mart R. Vogel, Carlton J. Hunke,* and *John Kukowske, Jr.,* for appellants.

*Carl W. S. Peltoniemi, Rufer, Hefte, Pemberton & Schulze,* and *Gerald S. Rufer,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

OTIS, JUSTICE.

Plaintiff has recovered a verdict of $100,000 arising out of a two-vehicle collision in Otter Tail County on November 11, 1965. Defendants appeal from the judgment.

At the time of the accident, plaintiff, Leo F. Goeden, was driving his automobile north on County Road No. 3, and defendant Harlan P. Thompson was driving a 6-ton milk truck east on County Road No. 10. The truck was owned by defendant Harold Miller. Although County Road No. 3 is an arterial highway, and traffic entering from the west is obliged to stop, Thompson failed to heed the sign and drove into the intersection without stopping. In the collision which resulted, plaintiff was thrown from his automobile and was rendered unconscious.

■ Defendants assert that plaintiff was guilty of contributory negligence as a matter of law in failing to keep a proper lookout, reduce his speed, or take other evasive action when it was obvious Thompson was not going to stop. Plaintiff had retrograde amnesia and was unable to reconstruct the events preceding the accident. The jury could find that plaintiff's vision of Thompson was obscured by the setting sun and that, in any event, he had a right to assume that Thompson would stop. Seivert v. Bass, 288 Minn. 457, 465, 181 N. W. (2d) 888, 893; Tauber v. Buffalo Lake Public School Dist. 283 Minn. 383, 168 N. W. (2d) 327; Lapides v. Wagenhals, 285 Minn. 403, 173 N. W. (2d) 334. The question of plaintiff's contributory negligence was properly submitted to the jury and resolved in his favor. Nothing about his conduct required the court to find him guilty of negligence as a matter of law. The court instructed the jury that Thompson's failure to stop before entering the highway was negligence which constituted a proximate cause of the accident. Defendants do not question the propriety of that ruling, and we hold that the record supports the jury's determination that plaintiff was free from contributory negligence.

■ Defendants seek reversal on the ground the court erred in giving an instruction on the emergency doctrine. In support of their contention, defendants assert that plaintiff did not perceive the emergency, did not make a choice of alternative courses of action, should have anticipated the act creating the emergency, and by his own negligence contributed to the perilous situation.

Here again, the jury did not have the benefit of plaintiff's version of the accident but could find that through no fault of his own he was suddenly confronted with defendants' vehicle, which he had a right to assume would stop. Under such conditions, his actions or inaction should not be judged by the standards of one who has an opportunity to make a more leisurely judgment. Consequently, it was proper to include the usual charge on emergency which is invariably given under circumstances of this kind.

■ Defendants claim it was reversible error to permit a layman to testify that plaintiff "didn't seem to be himself, and I thought he was more or less withdrawn, and he just didn't seem right." We agree the foundation was weak since the witness had only a slight opportunity to observe plaintiff. Nevertheless, they were lifelong friends, and for what it was worth we think the jury was capable of weighing the probative value of the testimony and that it was proper to receive it into evidence.

■ Plaintiff took the deposition of Dr. Sidney Shapiro, and it was read to the jury. On cross-examination, defendants' counsel asked the doctor:

"Well, doctor, in the case where a man may be unconscious for gain as a result of litigation, that alone may keep functional components of his illness alive and continuing, may it not? Have you had that experience?"

The doctor answered:

"Any stress in which litigation aggravates a nervous condition; however, in this man here there actually isn't evidence of any unconscious or even malingering in this picture. This man has been sick a long time and has paid a tremendous price for this injury."

Before the question and answer were read to the jury, the court asked defendants' counsel if he wished to withdraw the question, in response to which counsel moved that it be withdrawn and that the last sentence be stricken as not responsive. The motion was denied. It should have been granted. Clearly, the answer was

improper and calculated to arouse the sympathy of the jury. We have concluded, however, that it is not likely the impact on the jury was sufficient to justify a new trial.

■ A more difficult question is raised by the size of the verdict. At the time of the accident, plaintiff was a farmer almost 37 years old who had a previous history of psychoneurosis. He was rendered unconscious by the accident and was confined in the hospital for 2 weeks thereafter. He incurred medical expenses in excess of $6,300 and was obliged to give up his farming partnership with his brother. He had a life expectancy of over 35 years. There was testimony that plaintiff would continue to require neurological and psychological care and that he suffered a depressive tendency which makes him a suicidal risk. Medication to treat headaches which intensified as a result of the accident was also responsible for a gastric ulcer. He was referred to a neurologist because he suffered from double vision, ringing in his ears, imbalance, and headaches. His doctor concluded that plaintiff had undergone a mental change which resulted in the plaintiff's suffering a state of depression. He has had difficulty pursuing a gainful occupation and his earnings have suffered proportionately. Defendants offered no medical testimony to rebut that of the plaintiff.

While the award is liberal, it is not, by today's standards, grossly excessive. The trial court's memorandum pointed out that plaintiff was young and fairly successful prior to the accident, that he suffered extensive and critical injuries which have required constant medical treatment, and that they have prevented his being employed. That court had the opportunity, denied this court, of observing and assessing plaintiff's condition during the 4 days of trial which occurred 3½ years after the accident. While the nature and duration of head injuries can seldom be precisely assessed, we are satisfied that the prognosis supports an award for severe and permanent disability which justifies the size of the verdict.

Affirmed.