Mary K. BERG, et al., Respondents,

v.

Fern E. NELSON, Defendant.

Mark R. PEARSON, Appellant,

and

Kimberly Davis, et al., Respondents,

v.

Fern Ethel NELSON, Defendant.

Sharon KRUSE, Respondent,

v.

Fern NELSON, Defendant.

Mark R. PEARSON, Appellant,

and

Kim S. Pearson, Plaintiff,

v.

Fern Ethel NELSON, Defendant.

No. C8–96–1198.

Court of Appeals of Minnesota.

March 11, 1997.

Sharon L. Van Dyck, James R. Schwebel, Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, for Respondents Mary K. Berg, et al.

Louise Dovre Bjorkman, Jeanne H. Unger, Rider, Bennett, Egan & Arundel, L.L.P., Minneapolis, for Appellant.

Dale Wagner, Louis J. Speltz, Charles E. Jones, Moss & Barnett, Minneapolis, for Respondents Kimberly Davis, et al.

Priscilla Faris, Faris & Faris, Minneapolis, for Respondent Sharon Kruse.

Considered and decided by LANSING, P.J., and PETERSON and MANSUR,* JJ.

## OPINION

MARTIN J. MANSUR, Judge.

The district court permitted the jury to consider the issue of appellant's negligence in causing an automobile accident in which respondents were injured. The jury found appellant 5% liable for the accident. Appellant sought a judgment notwithstanding the verdict, or in the alternative a new trial, on the theory that the district court should have applied the emergency rule as a matter of law, shielding him from liability. We affirm.

## FACTS

On the afternoon of December 21, 1993, appellant Mark Pearson was returning to work after a holiday lunch with his co-workers. Mary Berg, Kimberly Davis, and Sharon Kruse were riding as passengers in Pearson's car. Pearson was driving north on Minnesota Interstate Highway 494 travelling approximately 50 m.p.h. He was followed by co-worker Jeff Nordeen, who was driving his pick-up truck. It was snowing, and the snow had begun to accumulate and make the roads icy.

Fern Nelson was driving south on Interstate 494 at approximately 60 m.p.h. when she lost control of her car. Nelson's car fishtailed and slid across a 35-foot median, colliding with Pearson's car in the right lane of the interstate. Pearson's car was forced down an embankment on the east side of the interstate. Pearson and all of his passengers were injured. Nordeen, travelling one car behind Pearson, witnessed the accident but was unhurt.

Berg, Davis, and Kruse initiated personal injury actions against Nelson and Pearson. Nelson admitted fault for the accident and the case proceeded to trial against Pearson. At the close of the plaintiffs' case, Pearson moved for a directed verdict on the grounds that he did not violate a duty to the plaintiffs, and that the emergency rule shielded him from liability for the accident. The district court denied Pearson's motion.

Before reading CIVJIG 110, the emergency rule, the district court advised the jury that they were entitled to decide the case either under the emergency rule or under the respondent's theory of negligence. The jury found Pearson negligent and apportioned 5% of the fault for the accident to him. The trial court denied Pearson's motion for a judgment notwithstanding the verdict, or alternatively a new trial, and this appeal followed.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ISSUES

I. Did the district court err in refusing to apply the emergency rule as a matter of law, thus allowing the jury to consider the issue of appellant's negligence?

II. Were the district court's jury instructions erroneous?

## ANALYSIS

### I.

A motion for judgment notwithstanding the verdict concedes every inference reasonably tending to be drawn from the evidence and the credibility of the testimony for the adverse party. *Seidl v. Trollhaugen, Inc.*, 305 Minn. 506, 507, 232 N.W.2d 236, 239 (1975). The trial court's order denying the motion for judgment notwithstanding the verdict should stand unless we determine that "the evidence is practically conclusive against the verdict" or that "reasonable minds could reach but one conclusion against the verdict." *Id.* Similarly, on appeal from a denial of a motion for a new trial, the verdict must stand unless "it is manifestly and palpably contrary to the evidence, viewed in the light most favorable to the verdict." *ZumBerge v. Northern States Power Co.*, 481 N.W.2d 103, 110 (Minn.App. 1992), *review denied* (Minn. Apr. 29, 1992).

Mark Pearson argues that the jury should not have considered the issue of his negligence because the evidence should have compelled the district court to apply the emergency rule as a matter of law, shielding Pearson from liability. We disagree.

All drivers owe a duty to exercise ordinary or reasonable care in the operation of their vehicles. *Schubitzke v. Minneapolis, St. Paul & Sault Ste. Marie R.R.*, 244 Minn. 156, 161, 69 N.W.2d 104, 107 (1955); *Thompson v. Hill*, 366 N.W.2d 628, 631 (Minn.App. 1985). The emergency rule provides an exception to this general rule. *Sanders v. Gilbertson*, 224 Minn. 546, 549–50, 29 N.W.2d 357, 359–60 (1947). The emergency rule provides that when confronted with an emergency through no negligence of his own, a driver will not be found negligent for failing to choose the best or safest course of action. 4 *Minnesota Practice*, CIVJIG 110 (1990); *see Sanders*, 224 Minn. at 549–50, 29 N.W.2d at 359–60 (stating that a person confronted with

a sudden peril through no fault of his own is not to be charged with the "wisdom of hindsight"). Pearson cites *Paulus v. Truskowski*, 271 Wis. 565, 74 N.W.2d 185 (1956), in support of his argument that the trial court should have applied the emergency rule as a matter of law. In *Paulus*, the Wisconsin Supreme Court concluded that a defendant was not guilty of negligence as a matter of law when a vehicle travelling in the opposite direction from defendant's vehicle crossed the median and struck defendant's vehicle. *Id.* 74 N.W.2d at 187–88. The court's conclusion that the emergency rule applied as a matter of law was based on evidence that the accident was inevitable, regardless of the defendant's actions. *Id.* The other cases Pearson cites from outside this jurisdiction similarly were decided on the grounds that the accidents were inevitable.

Here, respondents presented the following evidence of Pearson's negligence: (1) testimony that Pearson said "look at that" to his passengers and pointed to Nelson's car as it began to fishtail and cross the median and that he took no evasive action; (2) testimony by an expert accident reconstructionist that Pearson had between 3.16 and 3.27 seconds to take effective, evasive action; (3) Jeff Nordeen's testimony that Pearson should have seen the imminent peril and reacted; (4) Pearson's own testimony that he saw defendant's car as it entered the median.

It is undisputed that Pearson had very little time to react to the emergency created when Nelson's car crossed the median. But the jury heard conflicting expert testimony on that issue. Respondents' expert testified that Pearson was faced with an emergency situation requiring a simple reaction and that Pearson could have avoided the accident by braking within the three-quarters of a second required for a simple reaction.

Pearson's expert testified that the situation demanded a complex reaction requiring up to four seconds, and that Pearson had approximately 2.5 seconds in which to react.

Whether Pearson had time to avoid the accident and negligently failed to do so was a question of fact for the jury to determine based on the evidence presented. *See Uselman v. Uselman*, 464 N.W.2d 130, 138 (Minn.

1990) (stating that in actions at law, it is "firmly within the province of the jury as trier of fact to weigh and evaluate * * * expert opinions"). Under the circumstances of this case, the district court was not compelled to apply the emergency rule as a matter of law. *Cf. Paulus*, 74 N.W.2d at 187–88 (basing an application of the emergency rule as a matter of law on the inevitability of the accident). Because the verdict was supported by the evidence, the verdict must stand. We affirm the decision of the district court denying Pearson's motion for a verdict notwithstanding the verdict and motion for a new trial.

## II.

Pearson argues that the district court's instruction to the jury on CIVJIG 110, the emergency rule, was erroneous because the district court added a preliminary instruction which impermissibly modified the standard instruction.

■ Trial courts are allowed "considerable latitude" in selecting the language in jury instructions. *Alholm v. Wilt*, 394 N.W.2d 488, 490 (Minn.1986). Where the instructions fairly and correctly state the applicable law, an appellate court will not grant a new trial. *Alevizos v. Metropolitan Airports Comm'n*, 452 N.W.2d 492, 501 (Minn.App. 1990), *review denied* (Minn. May 11, 1990).

■ Before reading CIVJIG 110, the district court stated:

> If you consider whether any choice of a motorist is negligence, then there is a doctrine called the Emergency Doctrine which I will now read to you. Before doing so, however, let me caution you that by reading the Emergency Doctrine, the Court is not suggesting that you consider whether any motorist's choice as compared to any other action or emotions you might consider may constitute negligence. In other words, if you are considering a finding of negligence based on a motorist's choice, you should apply the Emergency Doctrine. If you're not so considering, you may ignore the Emergency Doctrine.

Pearson believes that this preliminary instruction misstated the emergency rule because the rule has been interpreted to apply to a driver's conduct, and according to Pear-

son, the word "choice" in the preliminary instruction does not encompass the concept of conduct. As a result, Pearson concludes that the instruction misstated the emergency rule. *See Goeden v. Thompson*, 289 Minn. 293, 296, 184 N.W.2d 8, 10 (1971) (stating that the emergency rule instruction is appropriate when the jury must evaluate the actions or inactions of a driver). We disagree.

## DECISION

The district court's preliminary instruction appropriately clarified the jury's role in deciding to apply the emergency rule. The preliminary instruction closely followed the language of CIVJIG 110, which also refers to the "choice" a person makes when confronted with an emergency situation. We fail to see how the court's use of the word "choice" precludes a consideration by the jury of Pearson's conduct. We conclude that the preliminary instruction did not misstate the law, modify the emergency rule, or narrow its application.

**Affirmed.**